IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-019-CR




WILLIE RAY THOMAS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,772, HONORABLE RICK MORRIS, JUDGE


 





PER CURIAM

 The district court found appellant guilty of aggravated sexual assault. Tex. Penal
Code Ann. § 22.021 (West 1989). The court assessed punishment, enhanced by two previous
felony convictions, at imprisonment for fifty years.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. A pro se brief has been filed.

 In his pro se brief, appellant urges that the evidence is insufficient to sustain a
conviction for aggravated sexual assault because the State failed to prove that the complaining
witness was younger than fourteen years of age. Age was the aggravating element in this cause. 
See Penal Code § 22.021(a)(2)(B).

 The assault took place on August 8, 1991. The complaining witness testified that
she was born on October 2, 1978. That would make her twelve years old on the day of the
offense. At appellant's trial in December 1991, the victim's mother testified that her daughter was
thirteen years old. On the other hand, another witness testified that the victim had told her that
she was "14 going on 15." Appellant seizes on this testimony, characterizing it as a reasonable
alternative hypothesis inconsistent with guilt. Appellant's reliance on this "analytical construct"
is misplaced, however, as he was tried after its use was rejected by the Court of Criminal
Appeals. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). 

 Appellant argues that when the alleged age of the victim is close to the line dividing
aggravated and unaggravated sexual assault, the only evidence of the exact age of the victim is her
own testimony, and she is impeached by evidence that she previously claimed her age was greater,
the State should have the burden of producing documentary evidence of the exact age of birth. 
Appellant cites no authority in support of this proposal, and we decline to adopt it. We note that
it is inapplicable to this cause in any event, as the victim's testimony was not the only evidence
of her age.

 When the evidence is viewed in the light most favorable to the judgment, it is
sufficient to support the court's finding that the victim was younger than fourteen years of age
when she was assaulted by appellant. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State,
614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant's point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: September 16, 1992

[Do Not Publish]